IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT NARDINI                                                                PLAINTIFF

v.                          Civil No. 05-2074

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

The plaintiff in this case has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claim for a period of disability and disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively. Although both parties were afforded the opportunity to file an appeal brief, only the defendant chose to do so (Doc. #8). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g).*

The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted here except as necessary. However, to put the undersigned's decision in proper perspective, we note that plaintiff received a favorable decision on his application for SSI.[1] For purposes of DIB, however, his insured status expired on December 31, 2000, while his onset date for DIB is allegedly April 26, 1998 (T. 53-56). Thus, the relevant analysis is

---

[1] It is noted that SSI benefits are not payable for a period prior to the application. *Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir.1989).*

whether the plaintiff was actually disabled prior to the expiration of his insured status. *Hinchey v. Shalala, 29 F.3d 428, 431 (8th Cir.1994)*. Accordingly, what remains at issue in this matter is only the ALJ's denial of plaintiff's DIB application, and the relevant time period begins on April 26, 1998, and end on December 31, 2000.

The plaintiff asserts disability due to: dilated non-ischemic cardiomyopathy; chronic atrial fibrillation; hypertension; and, degenerative disc disease. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Because the plaintiff did not file an appeal brief raising specific issues, the defendant attempted to generally submit that there is substantial evidence of record to support the ALJ's decision that plaintiff did not meet the disability requirements of the Social Security Act (Doc. #8, p. 3).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b)*. If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520(c);* see *20 C.F.R. § 404.1526*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual

functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e)*. If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f)*. If so, benefits are denied; if not, benefits are awarded.

The plaintiff's DIB application was protectively filed on March 28, 2003 and alleges an onset date for disability of April 26, 1998.[2] An administrative hearing was held on April 5, 2004 (T. 173-198), after which the ALJ issued his written decision, dated August 10, 2004, containing the following relevant findings, with respect to his DIB application:

1. The claimant meets the non-disability requirements for a period of disability and [DIB] set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2000.

3. The claimant's impairments are considered "severe" based on the requirements in Regulations 20 CFR §§ 404.1520(c) and 416.920[c].

4. These medically determinable impairments do not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The claimant's present allegations of an inability to sustain a regular work schedule are found credible; however, from April [26], 1998 through December 31, 2000, his allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. From April [26], 1998 through December 31, 2000, the claimant had the residual functional capacity to perform the exertional and non-exertional requirements of the full range of sedentary work

---

[2] In the ALJ's decision, findings numbered 5-7, 11 and 12 erroneously report the onset date as April 28, 1998. This error has no effect on the undersigned's decision.

on a sustained basis. However, from March 28, 2003, through
the date of this decision, the claimant had and continues to have
an inability to sustain work activities in an ordinary work setting
on a regular and continuing basis. A "regular and continuing
basis" consists of 8 hours a day, for 5 days a week or an
equivalent work schedule (Social Security Ruling 96-8).

7. From April [26], 1998 through December 31, 2000, the claimant
was unable to perform any of his past relevant work (20 CFR §§
404.1565 and 416.965). Additionally, from March 28, 2003, the
claimant is also unable to perform any of his past relevant work.

11. From April [26], 1998 through December 31, 2000, the claimant
had the residual functional capacity to perform the full range of
sedentary work (20 CFR §§ 404.1567 and 416.967).

12. Based on an exertional capacity for sedentary work, and the
claimant's age, education, and work experience, a finding of "not
disabled" is directed by Medical-Vocational Rules 201.28 and
201.29 from April [26], 1998 through December 31, 2000.
However, from March 28, 2003, through the date of this decision,
the undersigned finds the claimant's substantial loss of ability to
maintain a regular and continuing work schedule significantly
erodes the unskilled sedentary job base and the number of jobs
the claimant is able to perform is reduced to fewer than
significant numbers (Social Security Ruling 96-9p).

13. The claimant has been under a disability as defined in the Social
Security Act, since March 28, 2003, and through the date of the
decision, but not prior thereto (20 CFR §§ 404.1520(g) and
416.920(g)).

(T. 21-22).

**Applicable Law:**

This court's review is limited to whether the decision of the Commissioner to deny disability benefits to the plaintiff is supported by substantial evidence on the record as a whole. *Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir.1995).* Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a

AO72A
(Rev. 8/82)

conclusion. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir.1996). The undersigned must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir.1996) (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993). The decision should not be reversed "merely because substantial evidence would have supported an opposite conclusion." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995) (citation omitted).

Moreover, the court's review is not simply "a rubber stamp for the [Commissioner's] decision and involves more than a search for evidence supporting the [Commissioner's] findings." *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). Indeed, "[t]o determine whether existing evidence is substantial, '[the court] must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it.' " *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir.1999) (quoting *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)).* In addition, the court's review of the decision must include a determination as to whether the proper legal standards were applied. *See Nettles v. Schweiker, 714 F.2d 833, 835-36 (8th Cir.1983).* Thus, this court's review is both limited and deferential to the agency. See *Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir.1996).*

The plaintiff bears the burden of proving that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least 12 months or result in death. *42 U.S.C. § 423(d)(1)(A).* See also, *Ingram v. Chater, 107 F.3d 598, 601 (8th Cir.1997); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.1983).* Further, the plaintiff has the burden of showing that he is not able to perform

-5-

AO72A
(Rev. 8/82)

his past relevant work. *Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir.1994)*. Thus, the plaintiff has a responsibility to present the strongest case possible. See *Thompson v. Sullivan, 928 F.2d 255, 260 (8th Cir.1991)*.

Because the ALJ determined that this plaintiff was unable to return to his past relevant work during the relevant time period, the burden of persuasion shifted to the Commissioner to show that plaintiff was able to engage in work in the national economy. *Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir.1992)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); see also *Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as

treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the

inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988)*. Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e)*.

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the

-8-

nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50*. The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

**Discussion:**

At the outset, we note that during a portion of the relevant time period, the plaintiff moved, with his family, to Mexico (T. 175). He testified that he was treated by a "good" cardiologist there, who had been trained in the United States, and that she "kept him on his feet." (T. 180-181). This is important because the administrative transcript does not contain any medical records from the plaintiff's treatment period while in Mexico. In fact, plaintiff's attorney testified that he had unsuccessfully attempted to obtain the medical records from that time period (T. 175). Plaintiff testified that while in Mexico, he fished and sat on the beach, and followed the doctor's instructions (T. 180). To the contrary, the evidence of record indicates that plaintiff was often in non compliance with his treating doctor's recommendations and orders, while living in the United States (T. 145-146, 143, 142, 140, 141, 129-130, 138, 121, 117, 91, 118).

AO72A
(Rev. 8/82)

Although the plaintiff testified that he suffered from back pain, and that this condition contributed to his alleged disability, the record belies this. While the plaintiff was hospitalized for an acute lumbar sprain from December 1, 1997, through December 5, 1997, objective medical evidence showed only a small central disc herniation at the L4-5 level and some degenerative disc disease (T. 95). An x-ray of the lumbar spine revealed narrowing of the intervertebral disc space at L4-5 and L5-S1, with attempted sacralization[3] of L5 (T. 101). The only restriction placed on plaintiff by Dr. Paul Pradel, was to remain off work for two weeks. He was to return to Dr. Pradel for a recheck, but the record contains no evidence that plaintiff ever followed up with the doctor (T. 91). The defendant asserts:

> The ALJ noted that at the time of Plaintiff's alleged onset date, he was not on any pain medications, he had no ongoing treatment for his back, and he was engaging in heavy work activities (Tr. 14). The ALJ also noted that no restrictions were ever placed on Plaintiff's activities due to his back pain (Tr. 14).

(Doc. #7, p. 6). We find that the record supports this assertion and the ALJ's apparent finding that plaintiff's back condition is not severe, as that term in contemplated in the regulations.

With respect to the plaintiff's congestive heart failure (hereinafter "CHF"), secondary to dilated non-ischemic cardiomyopathy and chronic atrial fibrillation, his treating cardiologist, Dr. Taylor A. Prewitt, recommended after a hospitalization in 1998, that he remain off work for one (1) month, but plaintiff was advised he could engage in house and yard activities, some walking and range of motion exercises (T. 146, 141, 102). As has been noted, the ALJ found that, during the relevant time period herein, the plaintiff retained the RFC to perform the full

---

[3] Sacralization is defined as an anomalous fusion of the fifth lumbar vertebra to the first segment of the sacrum, so that the sacrum consists of six segments. *Dorland's Medical Dictionary*, p. 1593 (29th Ed.2000).

range of sedentary work. Dr. Prewitt's findings are consistent with the ALJ's determination. Further, postural limitations related to activities such as climbing, balancing, kneeling, crouching or crawling would not ordinarily erode the occupational base for the full range of unskilled sedentary work. *Social Security Ruling 96-9p*. In fact, the plaintiff's own report to Dr. Prewitt on May 26, 1998, indicated that plaintiff "gets up at 6:00 every morning but at about 2:00 he has to sit down." (T. 143). The Disability Supplemental Interview Outline completed by the plaintiff on April 2, 2003, and other evidence of record, demonstrates that the plaintiff was able to: bathe; dress himself; shave; care for his hair; launder; wash dishes; change sheets; vacuum/sweep; take out the trash; wash the car; shop for groceries and clothes; bank; go to the post office; prepare sandwiches and frozen dinners several times per week; pay bills; use a checkbook; drive; watch television; listen to the radio; and, read (T. 70-71).

On March 29, 1999, plaintiff reported spending long hours managing two restaurants (T. 128). On May 26, 1998, plaintiff related that he was coaching a girls' softball team, and on June 5, 1998, he stated that he had entered and won a "bronco busting competition", breaking a couple of ribs and injuring his right hip, in the process (T. 143, 142). On September 9, 1998, the plaintiff told Dr. Prewitt that he had "worked 90 head of cattle" the previous weekend (T. 142). The ALJ properly focused on plaintiff's ability to function despite his impairments, rather than on his diagnoses. *Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir.1990)*. Plaintiff's activities, by his own account, indicate a relatively normal level of functioning which undermines his complaints of pain and limitation. The United States Court of Appeals for the Eighth Circuit has consistently held that the ability to perform such activities contradicts a plaintiff's subjective allegations of disabling pain. See *Cruze v. Chater, 85 F.3d 1320, 1324*

AO72A
(Rev. 8/82)

(8th Cir.1996); see also, *Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); Johnston v. Shalala, 42 F.3d 448, 451 (8th Cir.1994; Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir.1998)*. Accordingly, the undersigned finds that substantial evidence supports the ALJ's RFC assessment to the effect that, during the relevant time period at issue herein, plaintiff was capable of performing the full range of sedentary work.

Additionally, the undersigned has carefully considered the ALJ's evaluation of the plaintiff's subjective complaints in light of *Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984)*, and found that they lacked credibility, and we find the determination to be supported by substantial evidence of record. The ALJ made express credibility findings and gave his reasons for discrediting the testimony (T. 14-18). E.g., *Shelton v. Chater, 87 F.3d 992, 995 (8th Cir.1996); Reynolds v. Chater, 82 F.3d 254, 248 (8th Cir.1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir.1995)*.

We must affirm if substantial evidence on the record as a whole supports the Commissioner's decision. This inquiry requires us to give appropriate weight to evidence contrary to the ALJ's findings. *Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir.1991)*. However, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir.1989)*. After careful review of the administrative record, we conclude that substantial evidence supports the ALJ's decision. *Russell v. Sullivan 950 F.2d 542, 544 (8th Cir.1991)*.

Finally, while the task of conducting a *de novo* review is made more complex when no specific issues for reversal or remand are formally raised by the plaintiff, the undersigned has

carefully considered the administrative record, and the defendant's appeal brief, and finds that substantial evidence supports the ALJ's determination, at step five of the sequential evaluation process, that the finding of "not disabled", directed by Medical-Vocational Rules 201.28 and 201.29, is supported by substantial evidence of record. .

**Conclusion:**

Accordingly, the undersigned concludes that the decision of the ALJ, denying benefits to the plaintiff, is supported by substantial evidence of record and should be affirmed. The Court also finds that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 6th day of June, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)